IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BAC HOME LOANS SERVICING, LP, f/k/a Countrywide Home Loans Servicing, LP, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:10-CV-1038-L** |
| DERWIN PACE, and All Occupants, | § § § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Remand and Motion for Attorney's Fees, filed June 23, 2010. Defendant did not file a response to the motion. After careful consideration of the motion, brief, record, and applicable law, the court **grants** Plaintiff's Motion to Remand, and **denies** Plaintiff's motion for attorney's fees.

## I. Background

BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP ("BAC" or "Plaintiff") originally filed its Original Petition for Forcible Detainer (the "Petitioner") in the Justice of the Peace Court, Precinct 4, Place 2, Dallas County, Texas, against Derwin Pace ("Defendant" or "Pace"). Prior to the filing in the Justice of the Peace Court, a non-judicial foreclosure sale of the property located at 672 Jutland Drive, Grand Prairie, Texas (the "Property"), took place. BAC purchased the Property at this sale because the mortgagor failed to make the required monthly payments. The Justice of the Peace Court entered judgment in favor of BAC on April 15, 2010. Pace appealed to County Court at Law No. 2, Dallas County, Texas. Before that court could hold

**Memorandum Opinion and Order - Page 1**

a trial on the appeal, Pace removed the case to federal court on May 24, 2010, contending that diversity of citizenship existed between the parties and that the amount in controversy exceeded $75,000 exclusive of interest and costs.

BAC contends that the action should be remanded to state court because (1) the notice of removal was untimely, and (2) Pace failed to establish that federal jurisdiction exists. Plaintiff also seeks its attorney's fees incurred in the removal. For the reasons that follow, the court determines that it lacks subject matter jurisdiction.

## II.    Rule 12(b)(1) - Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.; Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

As no federal question has been raised by the pleadings the court will not discuss this aspect of subject matter jurisdiction and will move to diversity of non-citizenship and the amount ifn controversy. Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)), *cert. denied*, 541 U.S. 1073 (2004). "[T]he basis on which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity "mandates remand or dismissal of the action." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985).

For diversity purposes, the amount in controversy is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.), *cert. denied*, 516 U.S. 865 (1995). Removal is thus proper if it is

"facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995). In a removal case, when the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount." *St. Paul Reinsurance*, 134 F.3d at 1253. "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1412 (emphasis in original). The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional amount]." *Allen*, 63 F.3d at 1336. As the Fifth Circuit has stated, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnotes omitted). If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court. If a defendant establishes that the jurisdictional amount has been met, remand is appropriate only if a plaintiff can establish that it is "legally certain that his recovery will not exceed" the jurisdictional threshold. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387-88 (5th Cir. 2009).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253. Accordingly, if a case is removed to federal court, the

defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

## III. Discussion

### A. Diversity and Amount in Controversy

BAC contends that Pace has not established that this action was removable pursuant to U.S.C. § 1332(a)(1), which requires that the parties be citizens of different states and that the amount in controversy, exclusive of interest and costs, exceed $75,000. The court agrees with BAC.

In the Petition, BAC alleges "Plaintiff is a corporation duly authorized to do business under the laws of the State of Texas." Pl.'s Original Pet. ¶ I. Nothing more is said regarding BAC's citizenship. Pace does not address BAC's status as a corporation. The basis for diversity jurisdiction must be "alleged affirmatively and distinctly." *Getty*, 841 F.2d at 1259, and failure to adequately set forth the basis for diversity mandates remand. *Stafford*, 945 F.2d at 805. This failure alone is sufficient to show that the court does not have subject matter jurisdiction; however this is not the end of the story.

Pace also fails to establish that the amount in controversy exceeds $75,000. In this respect, Pace contends that the jurisdictional threshold has been met because the value of the Property is $154,140. As noted by Plaintiff, however, the amount in controversy in this case is not the value of the Property itself, but rather the value of the right to occupy or possess the Property. *See Ezon v. Cornwall Equities Ltd.*, 540 F. Supp. 885, 889 (S.D. Tex. 1982) (citing *Battle v. Atkinson*, 115 F. 384, 389 (W.D. Ark. 1902), *aff'd*, 191 U.S. 559 (1903)). Moreover, a removing defendant "must produce evidence that establishes that the actual amount of the plaintiff's claim will exceed

[$75,000]." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.), *cert. denied*, 516 U.S. 865 (1995). Pace has produced no evidence to establish the value of the right to possess or occupy the Property, or that it exceeds $75,000. The court accordingly determines that Pace has failed to satisfy his burden and show that federal jurisdiction exists under 28 U.S.C. § 1332(a)(1).

### B. Untimeliness

BAC also contends that the action was not removed within thirty days of receipt by Pace of the initial pleading or copy of the summons as set forth in 28 U.S.C. § 1447(b). If the removal notice was not timely filed, it is a procedural rather than jurisdictional defect. The court has determined that it lacks subject matter jurisdiction. Accordingly, a procedural defect is quite beside the point when the court lacks subject matter jurisdiction, and the court will not address such alleged defect.

### C. BAC's Request for Attorney's Fees

BAC also seeks $2,000 for attorney's fees related to its motion to remand. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In applying section 1447(c), the court must consider "whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). The decision whether to award costs is within the court's discretion. *Id.* at 292.

The court determines that Pace's removal was not objectively reasonable; however, he is proceeding *pro se* and filed a pauper's affidavit in state court. Pace does not have the means to pay $2,000 in attorney's fees incurred by BAC as a result of the removal. While this case should have never been removed, the court in exercising its discretion determines that the interests of justice are

not served by awarding attorney's fees to Plaintiff under these circumstances. The court will not permit an award of attorney's fees.

## IV. Conclusion

For the reasons herein stated, this court lacks subject matter jurisdiction over this action. Accordingly, the court **grants** Plaintiff's Motion to Remand and **remands** this action to the County Court at Law No. 2, Dallas County, Texas. Also, for reasons previously stated, the court **denies** Plaintiff's request for attorney's fees. The clerk of the court shall effect this remand in accordance with the usual procedure.

**It is so ordered** this 31st day of August, 2010.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge